```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA


OLD REPUBLIC GENERAL                   CIVIL ACTION
INSURANCE CORPORATION

VERSUS                                 NO: 14-549

TARGET CONSTRUCTION,                   SECTION: "J" (2)
INC.
```

## ORDER & REASONS

Before the Court is a *Motion for Summary Judgment* **(Rec. Doc. 26)** filed by Plaintiff, Old Republic General Insurance Corporation (Old Republic), Defendant, Target Construction, Incorporated (Target)'s opposition thereto (Rec. Doc. 56), and Old Republic's reply. (Rec. Doc. 60) Also before the Court is a *Motion in Limine and Motion for Summary Judgment* **(Rec. Doc. 55)** filed by Target and Old Republic's opposition thereto. (Rec. Doc. 57) Having considered the motion and memoranda of counsel, the record, and the applicable law, the Court finds that Plaintiff's *Motion for Summary Judgment* should be **GRANTED** and that Target's *Motion in Limine and Motion for Summary Judgment* should be **DENIED**.

## FACTS AND PROCEDURAL BACKGROUND

This insurance dispute arises from Target's alleged failure to pay premium adjustments on three Old Republic insurance policies as required under the policies. Between 2010 and 2012, Old Republic issued to Target policies for Workers Compensation

and Employers Liability Insurance, Commercial General Liability Insurance, and Commercial Automobile Insurance. (Rec. Doc. 26-1, p. 1) Each policy provided that the insurer would initially charge only an estimated premium. At the conclusion of the policy period, however, each policy provided for an audit to determine the actual adjusted premium for the policy period. If the actual premium exceeded the estimated premium, then the policy would require Target to pay Old Republic the difference. But if the actual premium were less than the estimated premium, Old Republic would issue a refund to Target. (Rec Doc. 26-1, p. 1; Rec. Doc. 57, pp. 1-2) Old Republic alleges that Target owes it $419,310.00 in unpaid actual adjusted premiums. (Rec. Doc. 26, p. 1)

Old Republic originally issued a Workers Compensation and Employers Liability Insurance policy to Target with an effective policy period extending from August 1, 2010 through August 1, 2011. (Rec. Doc. 26-4, p. 6) This policy was renewed, with an effective policy period extending from August 1, 2011 through August 1, 2012. (Rec. Doc. 26-1, p. 2; Rec. Doc. 26-4, p. 85). Pursuant to the terms of the policy, Target paid an initial estimated premium in the amount of $271,083.00 at the commencement of the 2010-2011 policy period (Rec. Doc. 26-1, p. 2; Rec. Doc. 26-4, p. 6), and at the commencement of the 2011-2012 policy period, Target paid an estimated initial premium in

2

the amount of $195,739.00. (Rec. Doc. 26-1, p. 2)[1] Old Republic's final audit[2] of Target for the 2010-2011 policy period revealed that an adjusted premium was owed by Target in the amount of $530,766.00, and Old Republic issued an invoice requesting payment of that amount in accordance with the terms of the policy. (Rec. Doc. 26-1, p. 3) Old Republic's final audit of Target for the 2011-2012 policy period revealed that an adjusted premium was owed by Target in the amount of $40,526.00, and Old Republic likewise issued an invoice requesting payment of that amount in accordance with the terms of the policy. Id.

Old Republic also issued a Commercial General Liability Insurance policy to Target with an effective policy period extending from February 2, 2011 through February 2, 2012. (Rec. Doc. 26-1, p. 3) This policy was renewed with an effective policy period extending from February 2, 2012 through February 3, 2013. Id. Target paid an initial estimated premium in the amount of $63,400.00 at the commencement of the 2011-2012 policy period and, likewise, paid an initial estimated premium at the commencement of the 2012-2013 policy period in the amount of $102,524.00 in accordance with the terms of the policy. Id. at 4. Old Republic's final audit of Target for the 2011-2012 policy

---

[1] Target paid the estimated premium pursuant to an installment schedule subsequent to the commencement of the policy period. (Rec. Doc. 26-4, p. 96)
[2] Old Republic engaged Overland Solutions, Inc. to actually conduct the audits, and Old Republic relied on Overland's audits to calculate the necessary premium adjustments. (Rec. Doc. 26-1)

3

period revealed that an adjusted premium was owed by Target in the amount of $85,542.00, and Old Republic issued an invoice seeking payment of that amount in accordance with the terms of the policy. Id. Old Republic's final audit of Target for the 2012-2013 policy period revealed that a premium adjustment credit was due to Target in the amount of $20,573.00, and Old Republic issued an additional invoice granting the premium adjustment credit in accordance with the terms of the policy. Id. at 4-5.

Lastly, the Commercial Automobile Insurance policy that Old Republic issued to Target was issued with an effective period from February 2, 2012 through February 2, 2013. (Rec. Doc. 26-1, p. 5) Similar to the workers compensation and general liability policies, Target paid an initial estimated premium pursuant to the commercial automobile policy in the amount of $57,000.00 at the commencement of the policy period. Id. Old Republic's final audit of Target for the commercial automobile policy revealed that a premium adjustment credit was due to Target in the amount of $5,700.00, and Old Republic issued an invoice granting that premium adjustment credit in accordance with the terms of the policy. Id.

Although Target made partial payment on the invoiced adjusted premiums in the amount of $211,251.00, Target has refused to pay the remaining $419,310.00 balance invoiced by Old

4

Republic for the adjusted premiums. (Rec. Doc. 26-1, p. 6) Consequently, Old Republic filed suit against Target on March 11, 2014. (Rec. Doc. 1) On March 3, 2015, Old Republic filed the instant Motion for Summary Judgment. (Rec. Doc. 26) In response to Old Republic's motion, Target likewise filed a Motion for Summary Judgment, as well as a Motion in Limine to Exclude Testimony of Representatives of Overland Solutions, Inc. and to Exclude Audit Reports Delivered by Overland Solutions, Inc. (Rec. Doc. 55)

## **LEGAL STANDARD**

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (citing FED. R. CIV. P. 56(c)); Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co., 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. Little, 37

5

F.3d at 1075. A court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." Delta, 530 F.3d at 399.

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" Int'l Shortstop, Inc. v. Rally's, Inc., 939 F.2d 1257, 1263-64 (5th Cir. 1991) (citation omitted). The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." Id. at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. See Celotex, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. See id. at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. See, e.g., id. at 325; Little, 37 F.3d at 1075.

**PARTIES' ARGUMENTS AND DISCUSSION**

In its motion, Old Republic asserts, "It is undisputed that Target owes Old Republic the [balance of the adjusted premiums] pursuant to the insurance contracts and that Target's refusal to pay these adjusted premiums to Old Republic is an unjustified breach of contract of insurance between the parties." (Rec. Doc. 26-1, p. 6) First, Old Republic provides and describes the insurance policies and the outstanding adjusted premiums owed. Id. at 2-6. Second, Old Republic argues that Target has not presented the Court with evidence to question the accuracy of the audits or the invoiced amount of adjusted premiums owed. Id. at 9. Additionally, Old Republic stresses that Target's representatives lack the expertise to question the audits, and that Target failed to engage an expert who could do so at trial. Id. at 9. As such, Old Republic urges this Court to enter judgment against Target for the outstanding balance in the amount of $419,310.00 due to Old Republic for the adjusted premiums, plus legal interest from the date of judicial demand and costs. Id. at 6.

In opposition to Old Republic's motion and in its own motion,³ Target argues that the audits underlying the adjusted

---

³ The Court will describe the arguments presented in Target's opposition to Old Republic's motion *and* Target's motions together. The arguments are repetitive and all generally assert that the Court should not or may not rely on the audits or allow testimony from Overland's auditors. Thus, the Court will address all of Target's arguments in that regard without first

7

premiums are inadmissible, unreliable, or otherwise inappropriate evidence on which to rely in resolving Old Republic's motion. (Rec. Docs. 55, 56) First, Target stresses that the copies of the insurance policies that Old Republic attached to its motion are unsworn and unauthenticated, and therefore, this Court should not consider them. (Rec. Doc. 56, p. 8) Second, Target argues that the audit reports are inadmissible hearsay. (Rec. Doc. 55-1, p. 18) Third, Target contends that the audit reports violate Federal Rule of Evidence 1006 regarding voluminous writings, because Old Republic did not make the underlying documents available. Id. at 20-22. Fourth, Target argues that there remain genuine issues of material fact as to the reliability of the audits. (Rec. Doc. 56, pp. 10-11) Target asserts that the audits include inaccurate statements regarding Target's representative's participation in the audit process. Id. As such, Target maintains that they are inherently unreliable, and this Court should not consider them in resolving Old Republic's motion. Id. Moreover, Target argues it is entitled to summary judgment because Old Republic cannot produce testimony regarding the accuracy of the audit reports. This is so because such testimony would be expert testimony under Federal Rule of Evidence 702, and Old Republic has neither

---

describing those from the opposition and, later, summarizing Target's motion in limine and corresponding motion for summary judgment.

8

designated an expert nor produced an expert report as required. Id. at 9; (Rec. Doc. 55-1, pp. 12-18).

In reply and in opposition to Target's motion, Old Republic argues that the audit reports are admissible, reliable, and appropriate evidence in support of a motion for summary judgment. (Rec. Docs. 57, 60) First, Old Republic asserts that Target's concerns regarding the authenticity of the policies attached to Old Republic's motion are disingenuous. (Rec. Doc. 60, pp. 6-7) Target has previously admitted in response to interrogatories that the attached policies "are Target's insurance policy with Old Republic." Id. at 6. Notably, Target does not actually assert that the attached policies are not true and correct copies of Target's insurance policies with Old Republic. Id. Second, Old Republic argues that the audit reports are not inadmissible hearsay, because the reports constitute regularly kept business records under Federal Rule of Evidence 803(6) and are statements against interest under Federal Rule of Evidence 801(d)(2). Id. at 2. Third, the reports do not violate Federal Rule of Evidence 1006, because Old Republic did not create them to make it easier to review voluminous records in court. Id. at 2. They created the reports to compile payroll data so that Old Republic could adjust premiums accordingly. Id. Moreover, Target created and provided the underlying documents used to create the audit reports, and Target does not actually

9

claim that it does not have the underlying documents. Id. at 3. Fourth, to the extent that there is some kind of issue of fact related to the audit reports, the issue is irrelevant and therefore immaterial. Id. at 3-4. Target does not claim that the substance of the reports is inaccurate; instead, Target argues that the language regarding Target's representative's role in the audit process is incorrect. Id. And Target's representative's deposition testimony reveals that she in fact reviewed the audit worksheets, and she never reported any inaccuracy to Overland. Id. at 3. Finally, Old Republic disputes that Overland's testimony regarding the audit reports would constitute expert testimony and therefore that Federal Rule of Evidence 702 applies. Id. at 2; (Rec. Doc. 57, pp. 3-11). Instead, Old Republic insists that the Overland auditors' testimony would constitute fact witness testimony under Federal Rule of Evidence 602 or lay witness testimony under Federal Rule of Evidence 701. (Rec. Doc. 60, p. 2; Rec. Doc. 57, pp. 3-11, 13-16) Even if the Court found that the testimony would constitute expert testimony, however, Old Republic argues that the Court should not exclude it. (Rec. Doc. 57, pp. 11-13) The Court may accept the evidence that allegedly was not timely disclosed as expert evidence because: (1) Old Republic failed to disclose it because of its good faith belief that the evidence did not constitute expert evidence, (2) the evidence is crucial

to Old Republic's claim, (3) Target will not suffer prejudice if the Court admits the evidence because Old Republic timely provided the audit worksheets and the identity of the Overland auditors, and (4) the Court has continued the trial in the instant matter and a new date has not even been selected. Id. at 12 (citing Reliance Ins. Co. v. La. Land & Exploration Co., 110 F.3d 253, 257 (5th Cir. 1997)). Accordingly, Old Republic argues that the Court should grant its *Motion for Summary Judgment* (Rec. Doc. 26) and deny Target's opposing *Motions in Limine* and *Motion for Summary Judgment*. (Rec. Doc. 55)

For the reasons stated in Old Republic's motion (Rec. Doc. 26), reply (Rec. Doc. 60), and opposition to Target's motion (Rec. Doc. 57), the Court finds that Old Republic is entitled to judgment as a matter of law on its claims, and that Target's motions lack merit. Accordingly,

**IT IS HEREBY ORDERED** that Old Republic's motion **(Rec. Doc. 26)** is **GRANTED**.

**IT IS FURTHER ORDERED** that Target's motion **(Rec. Doc. 55)** is **DENIED**.

New Orleans, Louisiana this 17th day of April, 2015.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE